YALE ELECTRIC CORPORATION, RESPONDENT, v. WILLIAM J. MORRISSEY, TRADING AS MORRISSEY STORAGE BATTERY COMPANY, APPELLANT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *Israel B. Greene*.

For the respondent, *McDermott, Enright & Carpenter*.

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a summary judgment in favor of plaintiff-respondent upon the striking out, upon notice, of a counter-claim as sham and frivolous.

The appeal also purports to be from an order confirming a referee's report.

This latter is not the subject of an appeal. As was said in *Consolidated Electric Lamp Co.* v. *Lux Manufacturing Co.*,

94 *N. J. L.* 1, "the language of the statute is perfectly plain and does not call for judicial construction." And that language is that the report of the referee "shall be final and conclusive between the parties" unless there shall have been entered in the minutes of the court a reservation of trial by jury at the time of ordering the reference. This was not done in the case before us.

The action was brought to recover upon three trade acceptances, which defendant by his answer admitted, and an open account, which to the extent of $1,750.53 was also admitted by the answer.

Judgment was entered for the total of these, amounting to $7,030.42 with interest.

The defendant also filed a counter-claim in five counts as to which, in its answer, the plaintiff reserved the right to strike out.

The important matter presented by the counter-claim was whether or not the parties had adopted a contract known as the Permalife contract.

Upon counter-motions to strike out plaintiff's answer to the fourth count of the counter-claim, and to strike out the counter-claim, the Circuit judge to whom the matter had been referred for trial, it being a Supreme Court issue, found that an issue of fact was raised with respect to the Permalife contract above referred to and referred the matter to a referee, under section 155 of the Practice act. Such order directed the referee to first take testimony and decide the question of liability of the plaintiff upon the Permalife contract as referred to in the fourth count of the counter-claim, before taking proofs to determine the amount due on said contract and secondly, if the referee decided that such contract was adopted, then to proceed and take proofs and determine and report the amount due the defendant thereon and in connection therewith to determine and report all matters of account between the parties and the amount due from one party to the other.

The referee reported that he found that the Permalife contract had not been adopted and become effective between the

parties and also reported the amount he found due to the plaintiff.

Subsequently, upon notice, this report was confirmed "so far as the findings and determinations therein are within the scope of the order of reference" which order of confirmation was made, "without prejudice to the plaintiff's right to renew its motion to strike out the answer and counter-claim of the defendant."

It appears that the only portion of the referee's report which this order assumed to confirm was that which held that the Permalife contract had not been adopted. We are unable to see why this position was taken by the court and the parties because it clearly appears that the report was clearly within the four corners of the order of reference, in all parts and particulars. However that may be, the plaintiff subsequent to that time, and pursuant to the reserved right in the foregoing order confirming the referee's report, moved to strike out the answer to the fourth count of the complaint and the entire counter-claim and moved for summary judgment. Upon hearing, the answer above referred to, and the counter-claim were struck out and an order for that purpose and, for judgment final, made and entered by the Circuit judge as Supreme Court commissioner.

The first attack made upon this is that it is a nullity for the reason that a Circuit Court judge, sitting as such, or, as a Supreme Court commissioner, has no power to enter a judgment in the Supreme Court. This ground falls for the reason that the Chief Justice entered such judgment on January 25th, 1929.

The second ground for reversal is:

(a) Because the court had previously, by its order of April 1st, 1929, held that the counter-claim was not sham or frivolous but raised an issue of fact as to the Permalife contract.

A reading of the order of April 1st, 1929, will show that the only matter passed upon thereby was that a question of fact was raised as to the adoption by the parties of this Permalife contract and that a reference be made.

(b) Because the order adjudges the counter-claim to be both sham and frivolous, and this cannot be.

But this is without merit. The counter-claim consisted of five counts, some of which were sham and some frivolous. The court in dealing with the matter did so generally rather than by making a specific finding as to each count.

(c) Because there was no power in the commissioner to strike out a sham counter-claim.

The argument here is that until the amendment of the Practice act (*Pamph. L.* 1928, *p.* 306), no power existed to strike out a sham counter-claim and therefore rule 94 of the Supreme Court conferred no such power upon a commissioner of that court. Without passing upon the question of such power residing in the Supreme Court, save for the statute of 1928, *supra,* it is sufficient to say that such statute immediately carried the power to the commissioner under the rules of this court, without amendment, or supplement thereto, or repromulgation thereof.

(d) Because there was no power in the Circuit judge, as such to make the order.

This is so but the order was made both as Circuit Court judge to whom the cause had been referred for trial and as Supreme Court commissioner. It could be made by him as such commissioner, and, if need be, the other designation may be disregarded.

(e) Because it deprives appellant of a trial by jury of the issues not referred to the referee.

This is without legal substance. *National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336.

(f) Because the counter-claim was neither sham nor frivolous.

We conclude that the commissioner's findings in this respect were correct.

The third and final ground for reversal is: The order of December 19th, 1928, confirming the referee's report is a nullity—

(a) Because a Supreme Court commissioner has no power to confirm, that power being lodged by statute in a Supreme Court justice or the Circuit judge who made the reference.

We conclude this is without merit. The judicial officer

signing the order was a Circuit Court judge and he made the order as such "sitting as Supreme Court commissioner." This, under the circumstances, we think, was sufficient and if not could be corrected without disturbing the judgment under review.

(b) Because the referee's report is contrary to law and against the clear weight of the evidence.

(c) Because the referee erroneously rejected certain proofs offered by the appellant.

(d) Because the referee erred in admitting certain evidence.

These are all effectively answered by the observation that they are not the subjects of appeal. *Runyon* v. *Hodges,* 46 *N. J. L.* 359; *Children's Home Association* v. *Hall,* 47 *Id.* 152; *Clayton* v. *Levy,* 49 *Id.* 577; *Consolidated Electric Lamp Co.* v. *Lux Manufacturing Co., supra.*

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.